In the Matter of GENELL DAVIS, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Determination unanimously vacated, without costs, and matter remitted to respondents for further proceedings in accordance with the following memorandum: In this article 78 proceeding petitioner seeks to have vacated the determination of respondents denying her application for payment of certain baby-sitting expenses which she incurred. Petitioner and her five children were receiving public assistance through the office of the Commissioner of Onondaga County Department of Social Service. On November 21, 1972 her older brother died in Brooklyn. He and other relatives there had raised petitioner, and she desired to attend the funeral, but could not afford the fare. A relative, however, offered her a ride provided she could go on the afternoon of Wednesday, November 22, the day before Thanksgiving Day, and she decided to accept the invitation. This necessitated that she obtain a babysitter for her four children, which she did, and she took her youngest child with her. Petitioner alleges that before she left she telephoned her case worker, Mr. Lawson, at the Social Services Office for permission to hire the babysitter and was told that he was "in the field". It being an emergency, she asked to talk with his supervisor and was told that she was also out. She told the telephone operator her problem and was advised that she could not help her. The department regulations (18 NYCRR 352.9, as of Nov., 1972) provided in part as follows: "Purchase of services. Each of the following services shall be purchased by the social services districts for the recipient in the amount necessary, whenever the special circumstances noted below are found to exist. The special circumstances and the considerations entering into the agency decision to provide such services shall be recorded. * * * (a) Day care * * * in a family home or approved 'in home care' shall be purchased when the homemaker is employed * * * or when family duties away from home necessitate her temporary absence." Petitioner returned four days later, on Sunday, November 26, and the next morning she telephoned her counselor and advised him of the foregoing and asked him to arrange for payment of the babysitter. He took it up with his supervisor who denied the request because petitioner had not made the application before she left. The case worker told petitioner that he thought that she should have the allowance and advised her to ask for a fair hearing, which she did. Such hearing was held, and the Commissioner sustained the denial of the payment because petitioner had failed to get approval of the application

before she left for Brooklyn. Upon the fair hearing there was no evidence disputing petitioner's testimony of her attempts to speak to her case worker and his supervisor to secure prior approval of the babysitter, except that respondent's office had no record of such attempts; but it was not shown that a record thereof would normally be made. The witness for the county agency testified that her agency has no procedure for caring for an emergency situation of the nature which confronted petitioner on November 22. We think that respondents' interpretation of the regulations to imply that application for this service should be made beforehand is reasonable and should be accepted by the court (see *Matter of Howard* v. *Wyman*, 28 N Y 2d 434). In this case, however, the only reasonable inference to be drawn from the evidence is that petitioner tried to secure prior approval and failed, from all that appears, only because no responsible representative of respondent was available. It is reasonable to interpret the words of the regulation "special circumstances" as including an emergency such as confronted petitioner for a necessary "temporary" absence. Under such circumstances, it appears that the department was remiss in not having anyone available on the afternoon of November 22 who could entertain petitioner's application. We are told that the babysitter employed by petitioner was one whom she had used before and who had been acceptable to the department and also who would accept the usual compensation made by the department for such services. Respondents' determination, however, was made solely on the procedural ground of petitioner's failure to make prior application, and the merits of the application were not considered. Because of the circumstances in this case we think that the determination was arbitrary and capricious and should be vacated, and that the matter should be remitted to respondents to consider the application on the merits as of November 22, 1972. (Review of determination denying payment for babysitter, transferred by order of Onondaga Special Term.) Present — Witmer, J. P., Moule, Cardamone, Goldman and Del Vecchio, JJ.